Case 3:20-cv-00395-JR    Document 36    Filed 11/16/20    Page 1 of 10

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MELINDA MICHELLE DOUGLAS**, <br><br> Plaintiffs, <br><br> v. <br><br> **TD BANK USA, NATIONAL ASSOCIATION; TARGET ENTERPRISES, INC.; and NORDSTROM INC.**, <br><br> Defendants. | Case No. 3:20-cv-395-JR <br><br> **OPINION AND ORDER** |

Kyle W. Schumacher, PERRY, SHIELDS, CAMPBELL, FLOYD PLLC, Suite 130, 227 North Loop 1604 East, San Antonio, TX. 78232 Of Attorneys for Plaintiffs.

Brian Melendez, BARNES & THORNBURG LLP, Suite 2800 225 South Sixth Street, Minneapolis, MN 55402. Nicholas L. Dazer, NICHOLAS DAZER PC, Suite 475, 121 SW Morrison Street, Portland, OR 97204. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Melinda Douglas brings this action against TD Bank USA, National Association (TD Bank); Nordstrom, Inc. (Nordstrom); and Target Enterprises, Inc. (Target), alleging violations of the federal Telephone Consumer Protection Act (TCPA) and Oregon's Unlawful Debt Collection Practices Act (OUDCPA). Plaintiff contends that TD Bank, Nordstrom, and Target made numerous telephone calls to Plaintiff, attempting to collect debts that Plaintiff

incurred but failed to pay. Nordstrom and Target (collectively, the Moving Defendants) jointly moved to dismiss Plaintiff's OUDCPA claim for failure to state a claim. United States Magistrate Judge Jolie Russo issued Findings & Recommendation (F&R), recommending that the motion be denied. The Moving Defendants timely objected. For the following reasons, the Court declines to adopt the F&R, grants the motion to dismiss, and gives Plaintiff leave to amend within 28 days.

## STANDARDS

### A. Review of Findings & Recommendation

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party timely objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

**B. Motion to Dismiss for Failure to State a Claim**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain factual allegations sufficient to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## BACKGROUND

In 2015, Plaintiff obtained an unsecured loan in the form of a credit card issued by TD Bank for purchases at Target. In 2017, Plaintiff obtained another unsecured loan in the form of a credit card issued by TD Bank for purchases at Nordstrom. In September 2019, Plaintiff stopped making payments on these credit cards. According to Plaintiff, TD Bank, Target, and Nordstrom all allegedly began contacting Plaintiff, seeking to collect on the debts owed. During oral argument, counsel for Defendants stated that TD Bank does not make collection calls and that any calls made to Plaintiff were made either by Target or by Nordstrom. Counsel for Defendants further explained that Target and Nordstrom are servicers of the loans made by TD Bank and that TD Bank bears the risk of nonpayment by debtors in Plaintiff's position.

At some time after the collection calls began, Plaintiff retained counsel, who sent a "letter of representation" to TD Bank (the Letter), revoking Plaintiff's consent to be contacted by telephone about her debts and requesting that all future contacts to her be made through her attorney. TD Bank received the Letter on September 29, 2019. According to Plaintiff, however, TD Bank and the Moving Defendants continued to call Plaintiff directly between October 7, 2019, and March 2, 2020, attempting to collect on the credit card debts. Plaintiff alleges that she received a total of 286 calls from TD Bank, Target, and Nordstrom collectively during this five-month period and that Defendants were "frequently calling Plaintiff multiple times within the same hour time span." Am. Compl. ¶ 48. Plaintiff does not allege how many of these calls came from which Defendant. She also does not allege the times of day that she received these calls.

## DISCUSSION

Against all three Defendants, Plaintiff asserts one claim under the TCPA[1] and one claim under the OUDCPA.[2] In their motion to dismiss, the Moving Defendants (Target and Nordstrom) only challenge Plaintiff's claim under the OUDCPA. In their motion, the Moving Defendant argue: (1) the Amended Complaint alleges no conduct from which a factfinder could plausibly infer an intent to harass or annoy; (2) the Letter from Plaintiff's counsel to TD Bank cannot be imputed to Target or Nordstrom and simply calling a debtor does not violate the OUDCPA; and (3) total call volume, by itself, is not enough to show an intent to harass or annoy or otherwise constitute unlawful harassment of a debtor. ECF 22. Judge Russo recommended that the motion to dismiss be denied. ECF 28.

The Moving Defendants essentially raise three objections to the F&R. ECF 30. First, the Moving Defendants argue that because Plaintiff alleged that only TD Bank received the Letter revoking consent to call and did not allege that TD Bank forwarded the Letter or its contents to the Moving Defendants, Judge Russo incorrectly concluded that whether the Moving Defendants had notice of the Letter is a question of fact not suitable for resolution at this stage of the litigation. *Id*. at 12. Second, the Moving Defendants argue that Judge Russo incorrectly concluded that Plaintiff had adequately alleged conduct satisfying the element of intent to annoy or harass a debtor. Specifically, the Moving Defendants contend that Judge Russo improperly

---

[1] In relevant part, the TCPA provides that it shall be unlawful for any person to make a call using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

[2] In relevant part, the OUDCPA provides that, while collecting or attempting to collect a debt, a debt collector may not communicate with a debtor "repeatedly or continuously . . . with intent to harass or annoy the debtor." Or. Rev. Stat. § 646.639(2)(e).

rejected their argument that total call volume, by itself, cannot constitute harassment. *Id*. at 13-15. Third, the Moving Defendants argue that Judge Russo incorrectly conflated the two independent credit card accounts (Target and Nordstrom) when counting the number of calls made to Plaintiff. *Id*. at 15-17.[3] The Court discusses each of these three arguments in turn.

## C. Notice of Letter Revoking Consent to Communicate Directly with Plaintiff

Plaintiff argues that continued direct communications with a debtor by a debt collector who has been informed that the debtor is represented by counsel and has requested that the debt collector speak only with the debtor's counsel shows the debt collector's intent to annoy or harass the debtor in violation of the OUDCPA. *See Porter v. Wachovia Dealer Servs.*, 2007 WL 2693370 at *6 (D. Or. Sept. 12, 2007) (denying debt collector's motion for summary judgment under OUDCPA when material fact dispute existed regarding whether debt collector ignored debtor's request to contact counsel rather than debtor). Plaintiff contends that the Moving Defendants each had notice of Plaintiff's representation by counsel and her request that the Moving Defendants speak only with her counsel and not with Plaintiff directly. As part of her OUDCPA claim, Plaintiff alleges that "Defendants' repeated calls to Plaintiff which were made after receipt of Plaintiff's September 21, 2019 revocation [*i.e.*, the Letter], show Defendants' actions were willful." Am. Compl. ¶ 51.

The Moving Defendants argue that Plaintiff has not alleged any facts showing that TD Bank ever relayed the Letter or its contents to the Moving Defendants. Thus, according to the Moving Defendants, the Letter, by itself, does not support this aspect of Plaintiff's OUDCPA

---

[3] The Moving Defendants also argue that Judge Russo erroneously attributed to them an assertion that there can be no violation of Oregon law when it is undisputed that a debt is owed. ECF 30 at 17, quoting F&R (ECF 28) at 4. In their objections, the Moving Defendants state that they made no such argument. The Court agrees, and there is no need to discuss this point further.

claim against them. In response, Plaintiff asserts that she "believes" that TD Bank notified Target and Nordstrom of the Letter. ECF 26 at 2. As the Moving Defendants point out, however, Plaintiff's argument about what she believes TD Bank did with the Letter or its contents is followed by a citation to paragraphs 21, 22, and 28 of the Amended Complaint and those paragraphs do not allege anything about what TD Bank did with the Letter or its contents. A plaintiff may not amend a pleading simply by saying something in brief that responds to a motion. *See generally Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'").

Plaintiff also does not expressly argue that TD Bank's knowledge may be imputed to the Moving Defendants (Target or Nordstrom). Imputation of knowledge runs from an agent to a principal, not the other way around. *See Atkeson v. T & K Lands, LLC*, 258 Or. App. 373, 382-83 (2013); Restatement (Third) of Agency § 5.03 cmt. g. In her Amended Complaint, Plaintiff does not allege whether Target and Nordstrom are agents for TD Bank, whether TD Bank is an agent for Target and Nordstrom, or neither. For purposes of Plaintiff's OUDCPA claim, however, neither Target nor Nordstrom's knowledge of the Letter or its contents is needed for Plaintiff to state a claim against them under the OUDCPA. The critical elements are whether a debt collector has repeatedly or continuously communicated with a debtor with the intent to harass or annoy.

### D. Intent to Harass or Annoy a Debtor

The Moving Defendants argue that the Court should look to the federal Fair Debt Collection Practices Act (FDCPA) for guidance on how to apply the OUDCPA.[4] The Moving

---

[4] In relevant part, the FDCPA provides that a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. This includes "[c]ausing a

Defendants contend that under the FDCPA total call volume, by itself, is insufficient to show intent to harass or annoy a debtor and that because Plaintiff has not alleged any conduct other than the total call volume, Plaintiff has fail to state a claim under the OUDCPA. Plaintiff responds that under the OUDCPA total call volume is enough to show the requisite intent to harass or annoy, even if total call volume might not be enough under the FDCPA. Plaintiff also argues that, even if she is wrong on that point, she has alleged more than simply total call volume. Plaintiff argues that she has alleged a pattern of calls, including multiple calls "within the same hour" and that this suffices to state the requisite intent to harass or annoy under the OUDCPA.

The Court declines to address the parties' arguments regarding whether the OUDCPA is broader than or coextensive with the FDCPA on the issue of total call volume because the Court agrees that Plaintiff has alleged more than just total call volume. Although Plaintiff does not present extensive detail in her Amended Complaint, she does allege that she received multiple calls within the same hour. Frequent calls made within a short timeframe may be enough to show intent to harass or annoy, even under the FDCPA. *See Accord Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1228 (E. D. Cal. 2010) ("Calling a debtor numerous times in the same day, or multiple times in a short period of time, can constitute harassment under the FDCPA."); *Joseph v. J.J. Mac Intyre Cos.*, 238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002) ("Whether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls.").

---

telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692(d)(5).

### E. Conflation of Calls by Multiple Defendants

Finally, the Moving Defendants' argue that Plaintiff and Judge Russo improperly conflated the number of calls made by TD Bank, Target, and Nordstrom. Plaintiff responds by asserting that even half of the 286 total calls made to Plaintiff would be enough to constitute a violation of the OUDCPA considering the pattern of those calls. ECF 33 at 6. Plaintiff's response, however, misses the point. Plaintiff does not allege that 143 calls were made by one Defendant to try to collect on one account and 143 calls were made by another Defendant to try to collect on a different account. More importantly, Plaintiff does not separately allege the number or even the patten of calls made by any specific Defendant (TD Bank, Target, or Nordstrom).

In the absence of an allegation of joint conduct or an agency relationship, failing to allege specific facts relating to a specific defendant and lumping multiple defendants together is routinely rejected by courts, even outside the context of Rule 9(b). A complaint must be construed based on its allegations, and if there are insufficient allegations about the underlying facts relating to an individual defendant, that is a deficiency in the pleading. *See Wright v. City of Santa Cruz*, 2014 WL 5830318, at *5 (N.D. Cal. Nov. 10, 2014) ("These allegations are inadequate because they lump all defendants together and fail to allege the factual basis for each defendant's liability."); *Evans v. Sherman*, 2020 WL 1923176, at *3 (E.D. Cal. Apr. 21, 2020) (noting that the plaintiff "simply lumps all defendants together" and "makes it impossible for the Court to draw the necessary connection between the actions or omissions" of the various defendants); *Hamilton v. El Moussa*, 2020 WL 2614625, at *2 (C.D. Cal. Feb. 10, 2020) ("When a plaintiff asserts a TCPA claim against multiple defendants, he must differentiate which allegations apply to which defendant—it is not enough to say that a group of defendants violated the statute." (citing cases)); *McKeon v. Cent. Valley Cmty. Sports Found.*, No. 1:18-CV-0358-

PAGE 9 – OPINION AND ORDER

BAM, 2018 WL 6436256, at *4 (E.D. Cal. Dec. 7, 2018) ("The Court finds the allegations in Plaintiff's proposed amended complaint to be factually deficient and conclusory. The complaint lumps defendants together and fails to adequately distinguish claims and alleged wrongs among defendants. . . . To do so, Plaintiffs must allege more than generic and conclusory allegations demonstrating that 'Defendants' collectively engaged in discrimination and allege with at least some degree of specificity the acts which each defendant is alleged to have engaged in which support Plaintiff's claims." (citing cases)); *Karkanen v. California*, 2018 WL 3820916 at * 7 (N.D. Cal. Aug. 10, 2018) (dismissing complaint where "plaintiff repeatedly lumps 'defendants' together in her allegations," because "a complaint which lumps together multiple defendants in one broad allegation fails to satisfy the notice requirement of Rule 8(a)(2)" (citing cases)). Plaintiff may be able to cure this deficiency in a further amended pleading, and the Court will give Plaintiff an opportunity to try.

## CONCLUSION

The Court DECLINES to adopt the Findings & Recommendation (ECF 28) and GRANTS Defendants' Motion to Dismiss (ECF 22) for the reasons stated in this Opinion and Order. Plaintiff has leave to amend within 28 days.

**IT IS SO ORDERED**.

DATED this 16th day of November, 2020.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge