IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MELINDA MICHELLE DOUGLAS,

    Plaintiff,

    v.

TD BANK USA, National Association;
TARGET ENTERPRISE, INC.; NORDSTROM,
INC.; and DOES 1 through 100 inclusive,

    Defendants.

Case No. 3:20-cv-00395-JR

FINDINGS & RECOMMENDATION

RUSSO, Magistrate Judge:

On March 10, 2020, plaintiff Melinda Michelle Douglas filed this lawsuit alleging violations of the Telephone Consumer Protection Act ("TCPA") against defendants TD Bank USA, Target Enterprise, Inc, Nordstrom Inc., and several unnamed John Does. At the parties' request, on February 5, 2021, the Court stayed this action pending the United States Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511. The Supreme Court decided *Duguid* on April 1, 2021, and soon after plaintiff filed a Third Amended Complaint. ECF 43. Along with their Answer, defendants filed a Motion for Imposition of Sanctions Under Rule 11, ECF 44, which is now before the Court. For the following reasons, the Court should deny defendants' motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge,

Page 1 – FINDINGS & RECOMMENDATION

> information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a belief or a lack of information.

If "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." *Id*. An objective standard of reasonableness is applied to determinations of both frivolousness and improper purpose. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830–31 (9th Cir. 1986), abrogated on other grounds by *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).

While the "improper purpose" and "nonfrivolous argument" standards are distinct grounds for the imposition of sanctions, "they will often overlap since evidence bearing on frivolousness or non-frivolousness will often be highly probative of purpose." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990)(en banc). The Ninth Circuit has held that a complaint that is well-grounded in fact and warranted by existing law—a complaint that is non-frivolous—cannot be filed for an improper purpose under Rule 11. *Id.* (citing *Zaldivar*, 780 F.2d at 832).

When evaluating whether a complaint is frivolous or without evidentiary support, the court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a

Page 2 – FINDINGS & RECOMMENDATION

reasonable and competent inquiry before signing and filing it.'" *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)). As shorthand for this test, the Ninth Circuit uses the word "frivolous" "to denote a filing that is both baseless and made without a reasonable and competent inquiry." *Townsend*, 929 F.2d at 1362. But if the complaint "states an arguable claim," sanctions are generally inappropriate. *Stewart v. American Int'l Oil & Gas Co.*, 845 F.2d 196, 201 (9th Cir. 1988). Ultimately, "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Trust v. A–C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988); *K.F. Jacobsen & Co. v. Gaylor*, 2014 WL 273140, at *3 (D. Or. Jan. 23, 2014).

## DISCUSSION

Defendants have not filed a motion to dismiss or a motion for summary judgment in this case. Instead, they argue plaintiff's TCPA claim is "frivolous" under Rule 11 because plaintiff lacks a factual basis for several allegations in her Third Amended Complaint. Specifically, they argue plaintiff cannot reasonably allege defendants used an "automatic telephone dialing system" ("ATDS")—a required element for plaintiff's claim under the TCPA, 47 U.S.C. § 227(a)(1)(A). ECF 44 at 9. Because plaintiff's counsel performed a reasonable and competent inquiry into the facts underlying the allegations about defendants' calling methods, plaintiff states at least an arguable claim under the TCPA, and because defendants' motion is an effort at summary judgment in sanctions' clothing, the Court should deny defendants' Rule 11 motion for sanctions.

### I. Plaintiff Made Sufficient Investigation into Factual Allegations to Satisfy Rule 11

Rule 11 sanctions are appropriate if the allegations and other factual contentions entirely lack evidentiary support. Fed. R. Civ. P. 11(b)–(c). "A claim is ... factually baseless if it lacks

Page 3 – FINDINGS & RECOMMENDATION

factual foundation." *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, No. 04–00689, 2007 WL 6137003, at *3 (C.D.Cal. 2007). On the other hand, a claim is " 'well-grounded in fact' if an independent examination reveals 'some credible evidence' in support of a party's statements." *Himaka v. Buddhist Churches of Am.*, 917 F. Supp. 698, 710 (N.D. Cal. 1995). In this Circuit, a claim that has "some plausible basis, [even] a weak one," is enough to avoid sanctions under Rule 11. *United Nat. Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir.2001). The standard is not a high one. *See Cal. Architectural Bldg. Prods. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1987) (reversing grant of Rule 11 sanctions where, although evidence was "weak" and could not survive summary judgment, court could not "say that the complaint [was] so lacking in plausibility as to ... subject [the attorney] to" sanctions). Further, "circumstantial evidence, and the reasonable inferences drawn from that evidence, are treated as evidentiary support" for purposes of Rule 11. *MetLife Bank, N.A. v. Badostain*, 2010 WL 5559693, at *6 (D. Idaho 2010) (internal citation and quotation marks omitted); *Rachel v. Banana Rep. Inc.*, 831 F.2d 1503, 1508 (9th Cir.1987) (reversing order for sanctions because of existence of circumstantial evidence plaintiffs relied upon in their complaint); *see also Golden Gate Way, LLC v. Stewart*, 2011 WL 3667496, at *4 (N.D. Cal. Aug. 22, 2011) (finding "an inference, reasonably drawn from the undisputed circumstantial evidence, suffices"). While the Court generally considers what facts were known by the plaintiff at the time of suit, the court must also consider "after-acquired factual evidence" if the evidence supports the claims. *Keegan*, 78 F.3d at 434.

Plaintiff's first cause of action alleges a violation of the TCPA, 47 U.S.C. § 227. ECF 43 ¶¶ 1, 36, 51. Before *Duguid*, "[c]ourts in this circuit have found that 'general allegations [of use of an ATDS] are sufficiently bolstered by specific descriptions of the 'telltale' pause after

Page 4 – FINDINGS & RECOMMENDATION

plaintiff picked up each call until the agent began speaking' and that such allegations make it plausible that an ATDS was used." *McCullough v. Maximum Title Loans LLC,* 2019 WL 3933754, at *2 (D. Ariz. Aug. 20, 2019). The "telltale" pause along with calls made to a consumer after the consumer requested the creditor stop calling plausibly asserts a claim under the TCPA. *Id.* at 5 (the court accepted the allegations of a "pause" after answering and call volume after revocation as sufficient to survive defendant's motion to dismiss). Nothing in the Supreme Court's opinion in *Duguid* suggests this inference is no longer plausible. Plaintiff here plausibly supports this inference by connecting the pauses and call volume to a call system that has "the capacity either to store a telephone number using a random or sequential number generator, or to produce a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, __ U.S. __, 141 S. Ct. 1163, 1167 (2021).[1] Plaintiff alleges just this sort of "pause" before at least one of defendants' calls, along with significant call volume, as the basis for the inference that defendants were using ATDS to call her repeatedly in violation of the TCPA. *See* ECF 43 ¶¶ 34, 53. Because this is a plausible inference, even if "weak" evidence of a TCPA violation, and plaintiff's counsel made a reasonable investigation into the facts supporting that inference, plaintiff's allegations do not violate Rule 11, even if they might not survive a motion to dismiss after *Duguid*.

---

[1] Defendants' reply brief suggests these "pre-*Facebook* pleading standards no longer apply, especially in the jurisdictions whose precedent the *Facebook* Court overruled." ECF 52 at 13. The cases defendants string cite as support for this proposition all decide this issue on a motion to dismiss or motion for judgment on the pleadings, rather than under a Rule 11 standard. *See, e.g.*, *Camunas v. Nat'l Republican Senatorial Comm.,* No. 21-1005, 2021 U.S. Dist. LEXIS 100125, at *15 (E.D. Pa. May 26, 2021) (granting defendant's motion to dismiss under Rule 12(b)(6)). Defendants may be correct, and plaintiff's Third Amended Complaint may be insufficiently pled in a post-*Duguid* world. But a motion under Rule 11 is not the proper vehicle for defendants or the Court to probe that issue, as the cases defendants themselves cite suggest, and the Rule 11 standard confirms.

Page 5 – FINDINGS & RECOMMENDATION

Defendants also argue that plaintiff's allegations defy the "extensive documentation" defendants provided in discovery, which does not "permit[] an inference that any equipment used, or could use, a random or sequential number generator." ECF 44 at 13. Unsurprisingly, plaintiff disagrees, and argues she reasonably relied on defendants' discovery responses concerning their dialing systems to support the inference that defendants' systems had at least the capacity to unlawfully dial. *See* ECF 48, Exs. 2 & 3; ECF 43 ¶¶ 31- 37; 46-51. Plaintiff relied on this information for inferences about all three dialing systems at issue in this case. *See id.* While these allegations may be insufficient to state a claim for relief under the TCPA, or to survive summary judgment on count one, plaintiff has supported her allegations with reasonable investigation of facts leading to plausible inferences—sufficient justification to *allege* those facts in a Complaint under the Federal rules and Ninth Circuit precedent.

Because the bar is a low one, and plaintiff's counsel satisfied his Rule 11 obligations to reasonably investigate facts to support allegations in the Third Amended Complaint, the Court should deny defendants' motion.

## II.     The Court Should Also Deny Defendants' Motion Because It Is A Rule 56 Motion Posing as a Rule 11 Motion

A Rule 11 motion for sanctions is not an appropriate substitute for summary judgment proceedings. *See Safe–Strap Co., Inc. v. Koala Corp*., 270 F. Supp. 2d 407, 412–420 (S.D.N.Y.2003) (denying motion for sanctions in part because the motion served, "in an improper fashion, as a surrogate for a summary judgment motion"). The Advisory Committee Notes for Rule 11 explain that "Rule 11 motions ... should not be employed ... to test the sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." Fed. R. Civ. P. 11 Advisory Comm. Notes (1993 Amendments); *see Safe–Strap*, 270

F. Supp. 2d at 416 (Rule 11 should not be used to raise issues of legal sufficiency that are more appropriately disposed of by motions to dismiss or for summary judgment.). "[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990).

Defendants seemingly contend that Rule 11 sanctions are appropriate because plaintiff's TCPA claim fails on the merits. The Court should reject this contention. According to defendants, plaintiff's evidentiary claims that defendants used ATDS lack factual support because, under *Duguid*, a random or sequential number generator refers to how the numbers are generated, not the order in which they are dialed. ECF 52 at 4. Defendants essentially argue that plaintiff's allegations cannot add up to a violation of the TCPA because plaintiff misunderstands the scope of the precedent in *Duguid*. *See id*. The parties disagree about whether the capabilities of defendants' call systems qualify as ATDS under the TCPA; deciding this dispute is the province of Rule 12 or 56, not Rule 11. The Court should therefore reject defendants' invitation to probe the merits of plaintiff's TCPA claim in this Rule 11 motion and deny defendants' motion accordingly.

## CONCLUSION

For these reasons, defendants' motion for sanctions under Rule 11 (ECF 44), should be DENIED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The

parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 11th day of August, 2021.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge