IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MELINDA MICHELLE DOUGLAS**, | Case No. 3:20-cv-395-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **TD BANK USA, National Association; TARGET ENTERPRISE, INC.; NORDSTROM, INC.; and DOES 1 through 100 inclusive**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on August 11, 2021. Judge Russo recommended that this Court deny Defendants' Motion for Sanctions.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendants timely filed an objection, to which Plaintiff responded. Defendants object to the portion of Judge Russo's recommendation finding that Plaintiff relied on sufficient evidence and investigation to support the allegations in her Complaint. Defendants contend that Plaintiff possesses no evidence to support her allegation that Defendants' auto-dialing programs had the capacity for random or sequential number generation. Defendants ask the Court to decline to adopt Judge Russo's Findings and Recommendation and impose sanctions on Plaintiff. For the reasons below, the Court adopts Judge Russo's Findings and Recommendation and denies Defendants' Motion for Sanctions.

Defendants argue that Judge Russo erroneously concluded that Plaintiff could rely on the "telltale pause" as evidence that Defendants used random or sequential automatic number generators in violation of the Telephone Consumer Protection Act (TCPA). The "telltale pause" is the brief silence after an individual answers the phone and before the dialing system transfers

the call to a live agent. *McCullough v. Maximum Title Loans LLC*, 2019 WL 3933754, at *3 (D. Ariz. Aug. 20, 2019). Defendants argue that after the Supreme Court's decision in *Facebook, Inc. v. Duguid*, the "telltale pause" no longer permits the plausible inference that the dialing system violates the TCPA. --- U.S. ---,141 S. Ct. 1163, 1173 (2021). In *Facebook*, the Supreme Court held that to violate the TCPA, the automatic dialing system must have the capacity to store or produce a telephone number using a random or sequential number generator and does not prohibit dialing systems that automatically dial stored numbers. *Id.* at 1173. Defendants argue that Judge Russo erroneously stated that nothing in the *Facebook* opinion precludes reliance on the "telltale pause" as a reasonable inference of a predictive dialer that violates the TCPA. But, as Defendants admit in their brief, predictive dialers also include the type of automatic dialer that violates the TCPA, even under the clarified definition in the TCPA laid out in *Facebook*. If a "telltale pause" provides a plausible inference that the dialing system is a predictive dialer, and if, as Defendants concede, predictive dialers also encompass automatic dialers with the capacity to store and produce numbers using a random or sequential number generator, then Judge Russo correctly concluded that Plaintiff reasonably relied on the "telltale pause" to support her allegation that Defendants used an auto-dialing system in violation of TCPA.

Defendants next argue that Judge Russo erred by stating Plaintiff reasonably relied on Defendants' discovery responses to support her allegations. Defendants argue that because the user guides for the implicated dialing systems they produced in discovery contain no reference to the words "random," "sequential," "number," "generator," or "order," that Plaintiff has no basis for alleging that Defendants' dialing systems use random or sequential number generators. The absence of those specific words in the user guides, however, does not foreclose the plausible possibility that Defendants' dialers have the capacity to store or produce numbers using a

random or sequential number generator. Judge Russo therefore correctly concluded that Plaintiff reasonably relied on Defendants' discovery materials to support her allegation that Defendants' dialing systems used random or sequential number generators.

Lastly, Defendants argue that Judge Russo mischaracterized the arguments raised in their motion for sanctions as better suited for a motion to dismiss or motion for summary judgment. Defendants reiterate that they only argue that evidence of random or sequential number dialing is not equivalent to evidence of random or sequential number generation and thus the Court should impose sanctions on Plaintiff for alleging violations of the TCPA. But again, as Defendants admit in their brief, predictive dialers also include automatic dialers with the capacity for random or sequential number generation. Plaintiff therefore reasonably relied on the "telltale pause" to allege that Defendants dialing systems used random or sequential number generation. Additionally, nothing in Defendants' materials produced in discovery foreclose that possibility. Judge Russo therefore correctly concluded that Plaintiff relied on sufficient evidence and investigation to allege that Defendants' dialing systems used random or sequential number generation and that Defendants' arguments are better suited for a motion to dismiss or motion for summary judgment.

The Court ADOPTS Judge Russo's Findings and Recommendations. ECF 53. The Court DENIES Defendants' Motion for Sanctions. ECF 44. The Court also DENIES Plaintiff's request for fees sand costs incurred in defending against Defendants' motion. ECF 62.

**IT IS SO ORDERED.**

DATED this 4th day of October, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge