IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MELINDA MICHELLE DOUGLAS**, | Case No. 3:20-cv-395-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **TD BANK USA, National Association; TARGET ENTERPRISE, INC.; NORDSTROM, INC.; and DOES 1 through 100 inclusive**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Julie A. Russo issued an Order in this case on September 21, 2021, denying Defendants' Motion to Compel Discovery and Motion Regarding Sufficiency of Answers to Request for Admissions. ECF 63. Defendants object to Judge Russo's Order.

Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). For dispositive matters when the parties have not consented to the magistrate judge's jurisdiction, Rule 72 allows the magistrate judge only to "enter a recommended

PAGE 1 – ORDER

disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). When a party timely objects to a magistrate judge's findings and recommendations concerning a dispositive motion, the district judge must make a de novo determination of those portions of the magistrate judge's proposed findings and recommendations to which an objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

When a party timely objects to a magistrate judge's determination of a *nondispositive* matter, however, the district judge may reject that determination *only* when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This means the Court will review the magistrate judge's factual findings for clear error and legal conclusions de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) ("Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's decision on a non-dispositive, non-excepted, pending pretrial matter only if it is clearly erroneous or contrary to law. . . . This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." (simplified) (citations omitted)); *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014).

"[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021) (quoting *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013)).

Defendants object that Judge Russo's Order is clearly erroneous because it concludes that Defendants failed to satisfy Local Rule 7-1 before filing their discovery motions. Defendants contend that throughout the parties' discussion of discovery issues, Plaintiff's failure to address Defendants' July 28, 2021 request to meet and confer amounts to a willful refusal to meet and confer. Plaintiff responds that she believed in good faith that she was cooperating with Defendants' discovery requests and had not refused to meet and confer. The Court's review of the parties' declarations and exhibits documenting their communications confirms Judge Russo's conclusion that Plaintiff had not "refused" to meet and confer. Judge Russo then concluded that Defendants failed to satisfy Local Rule 7-1 before filing their motions. This conclusion is not clearly erroneous.

The Court OVERRULES Defendants' objections (ECF 64) and AFFIRMS Judge Russo's nondispositive Order (ECF 63), DENYING Defendants' Motion to Compel Discovery (ECF 55) and Motion Regarding Sufficiency of Answers to Request for Admissions (ECF 56).

**IT IS SO ORDERED.**

DATED this 27th day of October, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER